**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA FAY TAYLOR,<br><br>        Petitioner,<br><br>   v.<br><br>DEBRA JACQUEZ, Acting Warden,<br><br>        Respondent.<br>_____/ | No. C 06-4553 PJH (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

This is a habeas corpus case filed pro se by a state prisoner pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the writ should not be granted based on petitioner's cognizable claim for relief. Respondent filed an answer, a memorandum of points and authorities in support of it, and exhibits. Petitioner has filed a traverse. For the reasons set out below, the petition is denied.

## BACKGROUND

As the instant petition is only directed at the sentence, and not the conviction, a detailed factual background is not necessary. In 1999, petitioner was living at a residential hotel on Valencia Street in San Francisco. After a dispute with the manager over rent, petitioner threatened to burn the hotel down, went to her room, and then left the hotel with her belongings. Shortly thereafter, smoke and flames appeared in her room and grew to a 4-alarm fire. Residents were evacuated using the fire escapes. One resident was killed in the fire, and two people were treated for smoke inhalation. The fire department determined that the fire was started by a match, and later that day the police arrested petitioner and found several books of matches with matches missing in her purse.

A San Francisco jury convicted petitioner of second degree murder, arson resulting

in great bodily injury, and arson of an inhabited structure. On direct appeal, the California Court of Appeal affirmed the convictions, but found that the sentence for arson causing great bodily injury should have been stayed. On remand, the sentencing court imposed a sentence of fifteen years to life for second degree murder and a consecutive determinate term of five years for arson of an inhabited structure. The California Court of Appeal affirmed the sentence and the California Supreme Court denied review.

## STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly

established federal law erroneously or incorrectly." *Id.* at 411.  Rather, the application must be "objectively unreasonable" to support granting the writ.  *Id.* at 409.

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding."  *Miller-El*, 537 U.S. 322 at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

## DISCUSSION

As grounds for federal habeas relief, petitioner claims that the trial court violated her Sixth Amendment right to a jury by deciding to run the five-year sentence on the third count of arson of an inhabited structure consecutively to the 15-years-to-life sentence on the first count of second degree murder.

Under California law, the sentencing judge has discretion to run sentences on multiple counts concurrently or consecutively, and the judge may consider a number of factors in making this decision.  Cal. R. Ct. 4.425 (listing criteria to be considered by trial court); *see also* Cal. Pen. Code § 669.  The California Court of Appeal described the trial court's decision to impose the sentence consecutively as follows:

> In discussing the reasons for imposing a consecutive term, the court mentioned the number of people living in the hotel that were harmed by the crime, the seriousness of the acts and defendant's prior history of setting fires.  The court quoted the following paragraph from our opinion in the prior appeal: "Defendant's action had far-reaching effects.  It ruined the owner's property, destroyed the homes of many victims and caused fear, panic and physical distress to many residents.  The fire spread to other buildings, which were also evacuated.  Evidence produced at defendant's trial provides support for a finding that there were multiple victims of the arson including residents trapped in the burning hotel, those treated for smoke inhalation or shock and the owners of the burned building."

Resp Ex. A at 2.

Petitioner argues that the decision to run his sentences consecutively violated his

right to a jury because trial court based its decision on factual findings that were not made by a jury. Petitioner's claim is based on the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466, 488-90 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." ) and *Blakely v. Washington*, 542 U.S. 296, 303-04  (2004) ("statutory maximum" for *Apprendi* purposes is the maximum sentence judge could impose based solely on the facts reflected in jury verdict or admitted by defendant; that is, the relevant "statutory maximum" is not the sentence the judge could impose after finding additional facts, but rather is the maximum he or she could impose without any additional findings).  However, petitioner's claim has recently been rejected by the United States Supreme Court, which held that the rule in Apprendi and Blakely does not apply to the decision to run sentences consecutively.  *Oregon v. Ice*, 129 S.C.t 711, 714 (2009).  When, as here, "a defendant has been tried and convicted of multiple offenses, each involving discrete sentencing prescriptions,"  the Sixth Amendment does not require "jury determination of any fact declared necessary to the imposition of consecutive, in lieu of concurrent sentences " *Id.*  Under *Ice*, the trial court's decision in this case to run petitioner's sentences on counts one and three consecutively did not violate her Sixth Amendment right to a jury.  Accordingly, petitioner is not entitled to habeas relief.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**.  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 2, 2009

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.06\TAYLOR554.RUL.wpd

4